1  Mathew K. Higbee, Esq.
   IL Bar No. 6319929
2  **HIGBEE & ASSOCIATES**
   3110 W. Cheyenne, Suite 200
3  North Las Vegas, NV 89032
   (714) 617-8373
4  (714) 597-6559 facsimile
   Email: mhigbee@higbee.law
5
   *Attorney for Plaintiff,*
6  THE KIRKLAND FAMILY TRUST

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE KIRKLAND FAMILY TRUST | Case No. 1:25-cv-9312 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| PURSEBOP INC.; and DOES 1 through 10 inclusive, | **COPYRIGHT INFRINGEMENT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, THE KIRKLAND FAMILY TRUST by and through their undersigned counsel, brings this Complaint against Defendant PURSEBOP INC and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
**COMPLAINT**

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff The Kirkland Family Trust ("Kirkland Trust" or "Plaintiff") is a legal trust, created following the death of photographer Douglas Kirkland.

6. Defendant Pursebop Inc ("Defendant" or "Pursebop") is an Illinois corporation with a principal place of business in Oak Brook, Illinois.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *The Kirkland Family Trust*

9. Douglas Kirkland ("Kirkland") was a highly successful and popular high-end celebrity photographer.

10. Kirkland was most known for his portraiture of Marilyn Monroe. He also photographed actresses, musicians, and other major celebrities such as Audrey Hepburn; Mick Jagger; Angelina Jolie; Elizabeth Taylor; and Coco Chanel to name a few.

*11.* Kirkland worked as a special photograph on several major Hollywood film sets, including *The Sound of Music; Burch Cassidy and the Sundance Kid*; and *Saturday Night Fever.*

12. Kirkland died in October 2022.

13. Pursuant to Kirkland's Last Will and Testament ("Kirkland's Will"), dated March 4, 2008, following Kirkland's death, all photographs and photo archives, including their copyrights, owned by Kirkland at the time of this death, were placed into The Kirkland Family Trust.

14. Kirkland was the sole creator and exclusive rights holder to a photograph of Coco Chanel (the "Chanel Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Chanel Photograph.

16. Kirkland registered the Chanel Photograph with the United States Copyright Office under registration VA 1-754-478 with an effective registration date of December 22, 2010.

17. Attached hereto as Exhibit B is a true and correct copy of Registration VA 1-754-478.

### *Defendant Pursebop Inc.*

18. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website https://www.pursebop.com/

("Defendant's Website").

19. According to Defendant's Website, Pursebop is a fashion blog and shop and is the "premier online destinations for luxury market news and analysis.". *See generally* https://www.pursebop.com/about-us/.

20. Defendant's Website contains extensive digital advertisements on each page.

21. The purpose of Defendant's Website is to rate and recommend designer purses, which includes providing direct links to the recommended products so the users visiting Defendant's Website can directly purchase the recommended products.

22. Defendant's Website contains a "Shop" where users can peruse all the recommended products at one location on Defendant's Website and each product is directly linked to the Point of Sale where users can purchase them.

23. The "Shop" section of Defendant's Website also contains a separate "Pursebop Frocks" shop, which promotes, advertises, and sells Defendant's own branded purse accessories. *See* https://www.pursebopfrocks.com/shopping/.

24. On information and belief, Defendant's Website generates content that promotes its products, services, and to attract user traffic to the Defendant's Website page and generate business for the company through the advertisements directly on Defendant's Website and through sales made via the links that Defendant provides to the users of the Website to purchase recommended products, as well as through the direct sales of Defendant's own branded products.

25. At all relevant times, Defendant's Website was readily accessible to the general public throughout Illinois, the United States, and the world.

26. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website (including the activities alleged in this Complaint).

/ / /

*Defendant's Infringing Conduct*

27. On or about July 31, 2023, the Kirkland Estate discovered Kirkland's Chanel Photograph published to and displayed on Defendant's Website in a post titled "Chanel 101". ("Infringing Post").

28. The Infringing Post features extensive digital advertisements along the entirety of the webpage where the Chanel Infringement is located.

29. Attached hereto as Exhibit C are true and correct screenshots of the Chanel Photograph published to and displayed on Defendant's Website in the Infringing Post, with extensive digital advertisements on the right-hand side of the webpage.

30. Shortly after discovering the unauthorized use of the Chanel Photograph, the Kirkland Estate, through counsel, reached out to Defendant to resolve this matter without Court intervention, but the Defendant would not engage in settlement discussions.

31. In no event did the Kirkland Estate consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Chanel Photograph on Defendant's Website with the Infringing Post or in any other manner.

32. Kirkland Estate is informed and believes that the purpose of the use of the Photograph on Defendant's Website in the Infringing Post was to promote and encourage the users to purchase the products recommended by Defendant by providing a high-quality, professionally-produced photograph to assist in promoting the products, to visit the "Shop" on Defendant's Website in order to promote and sell the recommended products, as well as Defendant's own branded products; and additionally to entice users to the page in order to create advertising revenue from the extensive digital advertising that accompanies the webpage where the Infringing Post was published.

33. The Kirkland Estate has never at any point given Pursebop a license or other permission to copy, display, distribute or otherwise use the Photograph in the

Infringing Post on Defendant's Website or on any other website or platform.

34. Pursebop (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Chanel Photograph to Defendant's Website without the Kirkland Estate's consent.

35. On information and belief, Defendant's use of the Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Photographs.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 .S.C. § 101 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Chanel Photograph.

37. Kirkland owned a valid copyright in the Chanel Photograph.

38. Kirkland registered the Chanel Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Upon Kirkland's death in October 2022, the Chanel Photograph was placed in trust in accordance with Kirkland's Will and the Kirkland Family Trust was granted the exclusive right to reproduce, distribute, display, and create derivative works of the Chanel Photograph.

40. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Chanel Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Chanel Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

41. Specifically, Defendant made an unauthorized copy and then publicly

displayed the Chanel Photograph with the Infringing Post on Defendant's Website.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

45. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed the Kirkland Trust's copyright interest in the Chanel Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 6, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, The Kirkland Family Trust hereby demands a trial by jury in the above matter.

Dated: August 6, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*